UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

    Plaintiff,

v.

UNKNOWN WEERS, et al.,

    Defendants.
_____/

Case No. 1:15-cv-42

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 alleging retaliation claims (retaliatory transfer). Defendants filed a motion for summary judgment (Dkt 101); Plaintiff also filed a motion for summary judgment (Dkt 110). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 121), recommending Defendants' motion for summary judgment be granted and Plaintiff's motion be denied. The matter is presently before the Court on Plaintiff's Objection to the Report and Recommendation (Dkt 122). Defendants have filed a Response to the Objection (Dkt 126), and Plaintiff has filed a Reply (Dkt 128). Plaintiff has now filed a Motion for Leave to File Sworn Affidavit and Documents in support of his Objection (Dkt 124) and a Motion to Stay Proceedings (Dkt 129). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies Plaintiff's Motion for Leave to File, denies Plaintiff's Motion to Stay, denies Plaintiff's objections, and issues this Opinion and Order.

## I. Plaintiff's Motions

On February 10, 2017, after the Magistrate Judge issued the Report and Recommendation on the pending dispositive motions, Plaintiff filed a Motion for Leave to File additional documents (Dkt 124). Plaintiff requests that the record be supplemented with additional evidence, including Plaintiff's sworn affidavit as well as Michigan Department of Corrections Grievance Forms, Prisoner Pass, and Misconduct Appeal (Dkt 124-2). On March 8, 2017, Plaintiff filed a Motion to Stay all Proceedings (Dkt 129) until the Court makes a determination whether Plaintiff may file additional documents on objections to the Report and Recommendation, a matter raised by Defendants in their response (Dkt 126).

The Court finds no valid basis for Plaintiff's proposed amendment of the record at this late stage of these proceedings. "It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge." *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297, at *4, *7 (W.D. Mich. Aug. 3, 2010). "'To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court.'" *Id.* at *4 (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

Plaintiff offers no justification for seeking to admit additional evidence in conjunction with his Objection to the Report and Recommendation, other than that it supports his position. Plaintiff states that the "grievances and letters are not offered newly, they have been argued before" (Dkt 129-1 at PageID.824). It appears that at least some of the documents sought to be admitted were previously filed (*see, e.g.*, Dkt 124-2 at PageID.769 and Dkt 32-1 at PageID.234). To the extent that Plaintiff offers evidence already in the record, his motion to supplement the

record is moot. To the extent that Plaintiff offers new evidence, Plaintiff has failed to show a valid basis for receiving the additional evidence after the Report and Recommendation was issued. Plaintiff's Motion for Leave to file is denied. Having decided the question of the additional evidence proffered, Plaintiff's Motion to Stay Proceedings is denied as moot.

## II. Plaintiff's Objections

Plaintiff presents the Court with 42 pages of objections[1] to the ten-page Report and Recommendation (and an additional 24 pages of reply), most of which merely restates his complaint allegations and summary judgment arguments and does not properly object to specific findings or conclusions of the Magistrate Judge. Plaintiff enumerates seventeen objections, which raise various matters. The Court addresses the objections in six general groups, highlighting examples, although there is much repetition and overlap in Plaintiff's assertions and arguments throughout his objections. In short, Plaintiff fails to show any valid basis for rejecting the analysis and conclusions of the Magistrate Judge.

### A. Summary Judgment Standard

(E.g., Objections 1, 3, 6, 10 and 12)

In objection 1, Plaintiff asserts that there is a genuine dispute as to the material facts and Defendants are not entitled to judgment as a matter of law (Dkt 122 at PageID.706). He states only that "Defendant[s] have not satisfied it's [sic] burden by their failure to demonstrate that there was no evidence to support their argument as to the elements of the case," when in fact "Plaintiff has provided evidence to support the Plaintiff['s] case and met the burden of showing that there is evidence to support the elements of the case" (*id.*). In objection 3, Plaintiff asserts

---

[1] Plaintiff's objections are numbered 1 through 16; however, Plaintiff includes two objections numbered "15." The Court will refer to these objections as 15-1 and 15-2.

that the Court must view the evidence in the light most favorable to the moving party, and that as the moving party, "Plaintiff has shown there is clear proof to the material facts" (*id.*). In objections 6 and 10, Plaintiff asserts that the Magistrate Judge failed to view the case in the light most favorable to Plaintiff, as the nonmoving party, and instead viewed the evidence in the light most favorable to Defendants. Plaintiff further states that the Magistrate Judge gave automatic deference to Defendants even though their motion relies on theories and no facts and Defendants admitted that his transfer resulted in his Branch County cases being "thrown out," which is clear retaliation (*id.* at PageID.708-709). In objection 12, Plaintiff takes further issue with the Magistrate Judge's conclusion under the summary judgment standards, stating inconsistently that the Magistrate Judge's decision is wrong because no reasonable trier of fact could find other than for Plaintiff but that "the evidence is susceptible to different interpretations or inferences" by the trier of fact (*id.* at PageID.731).

These objections are without merit. The Magistrate Judge correctly set forth the standards for summary judgment motions (R&R, Dkt 121 at PageID.695-696). With respect to Plaintiff's motion, she observed that "Plaintiff clearly misunderstands the concept of summary judgment and what must be demonstrated to obtain such" (*id.* at PageID.697). Plaintiff continues to misstate the showing required to obtain summary judgment. Plaintiff is not entitled to summary judgment merely because he has presented some evidence to support his case. In any event, Plaintiff's objections reflect no error in the Magistrate Judge's application of the summary judgment standards, but merely Plaintiff's disagreement with the general outcome. As discussed subsequently, such general disagreement with the result does not constitute proper objection to the Report and Recommendation.

## B. Plaintiff's Lack of Specific Objection and Mere Disagreement with the Outcome

(E.g., Objections 2, 4, 5, 6, 8, 10, 13 and 15-1)

With respect to several "objections," Plaintiff fails to specifically object to the Report and Recommendation, thus failing to properly present any dispositive issues for de novo review. Such lengthy, repetitive, unfocused argument does not constitute proper objection to the Report and Recommendation. *See* W.D. MICH. LCIVR 72.3(b) (a party "shall specifically identify the portions of the proposed findings, recommendation or report to which objections are made"). All such objections are denied.

For example, Plaintiff's objection 2 asserts, in total, that "Plaintiff has clearly identified specific facts that have been clearly established by the evidence on the Court record" (Dkt 122 at PageID.706). Plaintiff's assertion presents no specific objection to the Report and Recommendation.

In objection 4, Plaintiff states that he has shown that his "position is clear and factual," and he reiterates his basic retaliatory transfer argument (Dkt 122 at PageID.706-707). Plaintiff states that the Magistrate Judge failed to "take into full consideration" Plaintiff's arguments (*id*. at PageID.707). In objection 6, Plaintiff repeats his assertion that Defendants' transfer of him was clear retaliation (*id*. at PageID.708-709).

In objection 5, Plaintiff merely asserts facts concerning his claims in the Branch County Circuit Court, but fails to show how these facts bear on the analysis in the Report and Recommendation (Dkt 122 at PageID.708).

In objection 8, Plaintiff asserts only the Magistrate Judge "has it wrong" because "Plaintiff has in fact provided 'significant probative evidence,' that establishes there is a genuine issue for trial" (Dkt 122 at PageID.726). Similarly, in objection 10, Plaintiff states that the

Report and Recommendation is wrong because Plaintiff has "presented proof that is factual and true and clearly has shown facts' that entitle Plaintiff to judgment (*id.* at PageID.729).

In objection 13, as to Count 5, Plaintiff objects that he has established all three elements of his First Amendment retaliation claim and proceeds with restating his arguments concerning his retaliatory transfer claims. However, as stated in the Report and Recommendation, Plaintiff alleged in Count 5 that Defendant Tomkins ordered Plaintiff to be transferred to prevent Plaintiff's wedding. Plaintiff fails to specifically object to, or even address, the Magistrate Judge's analysis of the Count 5 claim.

In objection 15-1, Plaintiff objects that the Magistrate Judge is "incorrect as to Count 4," and that Defendant Weers' actions greatly resulted in Plaintiff not being able to access the courts and that "it was reasonably foreseeable not only prior to the time of the transfer, but during the time of the transfer …" (Dkt 122 at PageID.736). Plaintiff reiterates his allegations in his complaint, asserting that "Defendant Weers told Plaintiff that she was going to transfer him because she could" (*id.*)

These and other similar "objections" provide no basis for rejecting the Report and Recommendation. First, mere general objections do not satisfy the objection requirement. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380. "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general. *Id.*

The Magistrate Judge correctly stated that to prevail on a retaliatory transfer claim based on access to the courts, "Plaintiff must establish that he suffered 'actual injury' (i.e. prejudice) to

a non-frivolous legal claim" in one of three categories: direct appeals, habeas corpus applications or civil rights claims; and he must show that "it was reasonably foreseeable, at the time of transfer, that his transfer" would result in actual injury (R&R, Dkt 121 at PageID.700). The Magistrate Judge properly determined that Plaintiff failed to make the necessary showings (*id.* at PageID.700-701). Plaintiff's mere disagreement with the result fails to demonstrate any error in the Magistrate Judge's analysis or conclusion.

The Magistrate Judge properly considered the pleadings, affidavits, exhibits, and other evidence presented under the applicable legal standards. Plaintiff merely reiterates his arguments before the Magistrate Judge, and disagrees with, or only generally objects to, the Magistrate Judge's Report and Recommendation. Plaintiff's objections are without merit.

### C. New Arguments or Evidence

(E.g., Objections 7 and 12 and 13)

In objection 7, Plaintiff offers, for the first time, argument and evidence purporting to show that his numerous claims in the Branch County Circuit Court were not frivolous, which he contends is sufficient for Plaintiff to prevail on summary judgment (Dkt 122 at PageID.709-725). Plaintiff includes fourteen pages of what appear to be Plaintiff's statement of eighteen claims asserted in state circuit court (*id.* at PageID.712-725). Plaintiff fails to provide any meaningful argument with respect to these claims that undermines the analysis in the Report and Recommendation.

In objection 12, Plaintiff relies on evidence submitted with his objection as further proof showing that there is a genuine dispute as to the material facts (Dkt 122 at PageID.731). In objection 13, with respect to Count 5, Plaintiff appears to argue, for the first time, that Defendant Tompkins ordered Plaintiff's transfer to prevent Plaintiff from accessing the courts (Dkt 122 at

PageID.734). However, as the Magistrate Judge observed, Count 5 alleged that Defendant Tompkins ordered Plaintiff's transfer "in order to prevent his wedding" (R&R, Dkt 121 at PageID.699, citing Dkt 32 at PageID.141).

As noted, it is well established that a party may not marshal evidence before a district judge that was not fairly presented to the Magistrate Judge. *Marr*, 2010 WL 3061297, at *4, *7. Plaintiff's objections based on new arguments and/or evidence are denied.

### D. Alleged Error of Fact

(Objection 9)

In objection 9, Plaintiff asserts that the Magistrate Judge "[h]as it wrong" that in his deposition, Plaintiff "never ever said that '[he] was guilty of the theft ticket" (Dkt 122 at PageID.726). Plaintiff asserts that the Magistrate Judge incorrectly states that his deposition referred to a "ticket," but that the ticket was a "possession of money" ticket not a "theft" ticket. Further, Plaintiff never admitted he was guilty of the ticket. Plaintiff objects that the Magistrate Judge used an improper basis for her decision.

Contrary to Plaintiff's assertions, the record does not establish error in the Magistrate Judge's basis for granting summary judgment of Count 10, which asserted two claims against Defendant Hoffner. The Magistrate Judge noted that Plaintiff failed to demonstrate that his state court action was not frivolous because Plaintiff "conceded in his deposition that he was, in fact, guilty of the prison misconduct conviction in question" (Dkt 121 at PageID.703, citing Dkt 102-2 at PageID.537-40). The record cited by the Magistrate Judge reflects that Plaintiff was questioned about the "misconduct ticket," and he admitted that he violated policy when a buddy of his sent money to his account because prisoners are not authorized to have money from the

family members of other prisoners (Dkt 102-2 at PageID.538).[2]  Plaintiff cites to a different portion of his deposition where he stated he was "found" guilty of the theft ticket, not that he *admitted* he was guilty (Dkt 102-2 at PageID.504).

As Plaintiff points out, Plaintiff's claim against Defendant Hoffner states that it is regarding a "theft ticket" (Dkt 32 at PageID.136), although the allegations in the amended complaint are far from clear on this point (*id*. at PageID.166-170).  In any event, Plaintiff asserts that this purported ticket error requires that the Magistrate Judge's decision be rejected (*id*. at PageID.727).  The Court disagrees.  Plaintiff has failed to show any factual error by the Magistrate Judge based on Plaintiff's deposition testimony.  Plaintiff in fact stated that he was testifying about the ticket for which he sought judicial review (Dkt 102-2 at PageID.537), which was "the one on Defendant Hoffner in claim number ten," where he violated policy when a buddy sent money to his account (*id.* at PageID.538), as stated by the Magistrate Judge in the Report and Recommendation.

The Magistrate Judge thus based her analysis on whether Plaintiff suffered an adverse action sufficient to maintain a retaliation claim, and properly concluded that he had failed to demonstrate that his state court action was not frivolous in light of the record (Dkt 121 at PageID.702-03).  Plaintiff's objection does not undermine the Magistrate Judge's substantive analysis and conclusion regarding Plaintiff's retaliation claim against Defendant Hoffner.

### E. Alleged Admissions by the Magistrate Judge

(Objections 11 and 15-2)

Plaintiff objects that alleged "admissions" by the Magistrate Judge prove the adverse action element of his retaliation claims against Defendant Winsley in Counts 3 and 6.

---

[2] In his state court action, Plaintiff apparently challenged the issuance of a misconduct as opposed to a notice of intent pursuant to a memorandum approved by Hoffner.

In objection 11, Plaintiff states that the Magistrate Judge "admits the [P]laintiff did lose the court case in Branch County as a result of being transferred" and that "the transfer was done for the sole purpose of ensuring that Plaintiff would in fact lose the [c]ase" (Dkt 122 at PageID.730-31, citing Dkt 121 at PageID.701, lines 19-21). In objection 15-2, Plaintiff states that the Magistrate Judge admitted that Defendant Winsley's actions "did constitute an adverse action," which proves that the case filed in Branch County was "not frivolous" (*id.* at PageID.737, citing Dkt 121 at PageID.701, lines 19-21).

Plaintiff's statements of the record disregard the full context of the legal analysis by the Magistrate Judge, which properly concluded that these counts failed. The Magistrate Judge stated that "[a]s for Plaintiff's state court challenge to his prison misconduct conviction, it does appear that such was dismissed by the Branch County Circuit Court, in part, because Plaintiff had been transferred to a facility in another county" (R&R, Dkt 121 at PageID.701). The Magistrate Judge noted, however, that "because Plaintiff has failed to demonstrate that this action was not frivolous, he cannot establish that such constitutes adverse action sufficient to maintain a retaliation claim" (*id.* at PageID.701-02).

Plaintiff's objections concerning the Magistrate Judge's "admissions" are without merit. These objections otherwise merely repeat Plaintiff's various arguments of retaliatory transfer and injury, and fail to point to any specific error in the Report and Recommendation.

### F. *De Minimis* Discomfort

(Objections 14 and 16)

Plaintiff reiterates his arguments and allegations in his complaint that his transfer was ordered to prevent his wedding and his visitation with his fiancée and family.

In objection 14, Plaintiff again argues that he clearly established that Defendant Tompkins ordered his transfer to "make it not only difficult, but impossible for Plaintiff and his then fiancée to maintain a relationship and conduct the wedding after having paid for everything" (Dkt 122 at PageID.735). Plaintiff also asserts that he has proven the transfer violated his "right to association" (*id.* at PageID.735-736).

In objection 16, Plaintiff asserts that the Report and Recommendation is wrong as to Defendant Hoffner, in that Hoffner ordered Plaintiff's transfer in part to prevent Plaintiff from visiting with his family and fiancée, and marrying his fiancée (Dkt 122 at PageID.740).

The Magistrate Judge properly recognized that these allegations fail to establish a claim of retaliatory transfer under the First Amendment (Dkt 121 at PageID.697-699, 702). Transfer from one facility to another is merely one of "the *de minimis* discomforts 'that prisoners are expected to endure'" (*see id.* at PageID.698-699).

Plaintiff's objections concerning injury related to family visits and his fiancée and wedding establish no error in the Report and Recommendation. Plaintiff's remaining general "reargument" of his claims against Defendants Tompkins and Hoffner is not proper objection and likewise fails.

### III. Conclusion

Plaintiff's Motion for Leave to File Sworn Affidavit and Documents is denied. Plaintiff's Motion to Stay All Proceedings is denied as moot. Plaintiff has presented no valid argument in objection to the Magistrate Judge's Report and Recommendation; Plaintiff's objections are denied.

This Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court, except as noted herein. Plaintiff's Motion for Summary Judgment is denied, and Defendants' Motion for Summary Judgment is granted.

Having resolved all claims in this case, the Court will enter a Judgment consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 122) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 121) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 101) is GRANTED, and Plaintiff's Motion for Summary Judgment (Dkt 110) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Sworn Affidavit and Documents (Dkt 124) is DENIED, and Plaintiff's Motion to Stay All Proceedings (Dkt 129) is DENIED as moot.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: April 24, 2017         /s/ Janet T. Neff
                              JANET T. NEFF
                              United States District Judge